**21-1194**

The

# UNITED STATES COURT OF APPEALS

for the

# Fourth Circuit

MATTHEW O'REILLY

     *Plaintiff - Appellant, Pro Se*

     v.

ADAM TSOTTLES, Route Manager, Waste Management;

WASTE MANAGEMENT, INC.

     *Defendants - Appellees*

## APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**INFORMAL REPLY BRIEF OF APPELLANT MATTHEW O'REILLY**

Matthew O'Reilly*, Pro Se*

*Plaintiff - Appellant*

*14316 Reese Blvd.*

*Huntersville, NC 28078*

*+1.704.906.3422*

In the
# United States Court of Appeals
for the
# Fourth Circuit

Matthew O'Reilly

*Appellant, Pro Se*

v.

Tsottles, Adam

&

Waste Management, Inc.

*Appellees*

Civil Appeal:    **21-1194**

## APPELLANT'S INFORMAL REPLY BRIEF MEMORANDUM

Appellant Matthew O'Reilly respectfully submits this *Reply Brief* in reply to Tsottles' and Waste Management's *Informal Response Brief* (Dkt No. 20).

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................2

TABLE OF AUTHORITIES .........................................................4

INTRODUCTION .........................................................................5

PROCEDURAL SUMMARY .......................................................9

REPLY SUMMARY .....................................................................9

REPLY ARGUMENT ..................................................................13

I.    Appellees repudiate the District Court's findings................13

II.    Appellees are attempting to mislead this Court with newly- introduced "facts" that are unsupported by the Record ..............................................15

III.   Appellees complain that Mr. O'Reilly omitted information, then claim that same information is "immaterial" ............................................... 18

IV.   Appellees are attempting to introduce new evidence into the case upon Appeal 19

V.   Appellees fail to explain how the District Court met its duty to apply a more lenient *pro se* standard of review ....................................................20

VI.   Appellees assert that Mr. O'Reilly should have discovered Tsottles' defaming words the day they were uttered ....................................................22

VII.   Appellees completely ignore Supreme Court and Maryland Court of Appeals precedent that contradicts their argument ....................................23

VIII.   Contrary to Appellees' claims, the District Court improperly denied Mr. O'Reilly leave to amend ............................................................28

IX.   Contrary to Appellees' claims, the District Court lacks authority to consider claims "abandoned" under motions to dismiss ............................. 31

X.   The District Court arbitrated facts as well as law when ruling on Appellees' *Motion to Dismiss* ....................................................................35

XI.   The District Court did not exclude the extrinsic matters improperly included in Appellees' *Motion to Dismiss* ................................................ 37

XII.   The District Court incorrectly denied Mr. O'Reilly's *Motion for Partial Summary Judgement* ....................................................................39

XIII.   The District Court improperly denied Mr. O'Reilly's costs of service to Tsottles and Waste Management, Inc. ....................................................... 39

XIV.   The District Court failed to convert the *Motion to Dismiss* to a motion for summary judgement, failed to close the pleadings, and thus erred in not granting Mr. O'Reilly's *Motion for Judgement on the Pleadings* ........................40

CONCLUSION ........................................................................ 41

APPELLANT'S EXHIBIT 3 ........................................................ 42

CERTIFICATE OF SERVICE ..................................................... 49

# TABLE OF AUTHORITIES

**Cases**

*Albright v. Oliver*, 510 U.S. 266, 268 (1994) ....................................................... 37

*Coin Automatic Laundry v. Hampton Plaza, LLLP*, 2016-cv-00695 (D. Md. 2017)...... 35

*Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D. Md. 2010) ....... 33

*Georgia-Pac. Corp. v. Benjamin*, 394 Md. 59 (2006) ............................................. 24

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) ......................................... 27

*Johnson v. Nationstar Mortg.*, LLC, No. 14-02536 (D. Md. Oct. 21, 2014) .................... 32

*Jones v. Dacosta*, 930 F. Supp. 223, 226 (D. Md. 1996) ..................................................... 32

*Mentch v. Eastern Sav. Bank, FSB*, 949 F.Supp. 1236, 1247 (D. Md. 1997) .................. 32

*Merck & Co. v. Reynolds* (No. 08-905) 543 F. 3d 150, (affirmed).................................. 26

*Modrowski v. Pigatto* 712 F.3d 1166 (7th Circuit 2013).......................................................8

*Muhammad v. Maryland*, No. ELH-11-3761 (D.Md. Mar. 20, 2012) ............................ 32

*re: Willis Towers Watson*, 18-1874 (4th Cir. 2019) ........................................................ 27

*Richmond (&c.) R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) .................................. 28

*United Supreme Council, 33 Degree of the Ancient & Accepted Scottish Rite of Freemasonry, Prince Hall Affiliation, S. Jurisdiction of the U.S. of Am., a Tenn. Non-Profit Corp. v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry, Prince Hall Affiliated, a D.C. Non-Profit Corp.*, 792 F.App'x 249, 259 (4th Cir. 2019)........................................................................ 33

*West Virginia Pipe Trades v. Medtronic, Inc.*, 15-3468 (8th Cir. 2016) ........................ 27

*Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore*, 449 F. Supp. 3d 549, 567 (D. Md. 2020) ................................................................................................ 32

*William Rounds, et al. v. Maryland-National Capital Park and Planning Commission, et al.*, No. 19, September Term 2014 ......................................................................... 24

**Statutes**

Md.Code (1974, 2002 Repl.Vol.), §§ 3-904(g)(2)............................................................ 24

# INTRODUCTION

In direct opposition to binding United States Supreme Court and Maryland Court of Appeals precedent, the Federal Rules of Civil Procedure, and decades of preference within the Courts of the United States to preserve *pro se* and civil rights cases for consideration on their merits, the District Court of Maryland has dismissed the entirety of this action using a number of questionable technicalities. The unfortunate and inescapable central truth of this appeal is that in so doing, the District Court erred substantially, harmfully, and prejudicially as a matter of law, as a matter of procedure, as a matter of fact, and as a matter of principle.

Summary dismissal of *any* well-pleaded complaint, much less that of a *pro se* litigant alleging civil rights violations, is a drastic remedy that should be sparingly used, and only after the Court determines that all other avenues have been exhausted. When a Court, as here, prematurely and improperly terminates a case entirely on technical grounds without consideration of a single cause of action on its merits, fairness and justice require that its decisions be reversed.

To recap the Issues for review, as defined in the *Informal Opening Brief*:

Everything Old is <u>*De Novo* Again</u>:  Each of the holdings of the District Court should be reviewed *de novo*, as there are no findings of fact due deference.

"<u>Alternative Facts</u>": Some of the factual recitations relied upon in the District Court's legal conclusions are unsupported by the evidence; in disagreement with admissions and stipulations on the record; and/or in opposition to information on the public record.  All of the factual inaccuracies identified are harmful.

<u>Abandonment Issues</u>:    The District Court summarily dismissed more than two dozen causes of action under Rule 12(b) through "abandonment", a technical mechanism that is nowhere to be found in the Federal Rules, and appears to be (literally) unprecedented in any Supreme Court, Circuit Court, or State Court ruling.

<u>Heads, They Win; Tails, You Lose</u>:  Was Tsottles' and Waste Management's "Motion to Dismiss" actually a motion for summary judgement?  On the one hand, the District Court, on motion, refused to treat it as one, benefitting Tsottles and Waste Management.  On the other hand, the Court did treat it that way, dismissing more than half the claims in the suit.  Which way was right? Or were they both wrong?

<u>Making Amends</u>:  The District Court entirely disallowed a second amendment to the complaint, claiming that the statutes of limitation for "most" of the claims had already passed.  But while some had expired once the Court finally

ruled on the motion, they had not seven months prior when the motion was filed.

<u>Inquiring Minds</u>:  The District Court applied an outdated and deprecated analysis of "inquiry notice" to dismiss a defamation claim as time-barred, despite that the finding is incompatible with more recent Maryland Court of Appeals and U.S. Supreme Court precedent.

<u>Recursive Error</u>:    When the District Court mis-applied inquiry notice, it precluded its consideration of a properly-presented motion for partial summary judgement. Correcting the initial error requires correcting the resulting errors, and the summary judgement motion should be reconsidered.

<u>Unsolicited</u>:  Mr. O'Reilly tries to write eloquently, but is not and has never been an attorney.  His *pro se* pleadings and filings should have been evaluated under a less strict standard than the District Court ultimately applied.

<u>Undiscovered</u>:    The District Court's surprise *sua sponte* conversion/treatment of Tsottles' and Waste Management's *Motion to Dismiss* under motion for summary judgement standards did not afford notice to Mr. O'Reilly, the non-movant, nor the opportunity to adequately defend the motion by obtaining discovery evidence known to the Court to be in the sole possession of Waste Management.

<u>Much Obligated</u>:  When the Federal Rules of Civil Procedure identify actions the District Court "must" do, is the Court actually obligated to perform those actions?

The Exclusionary Principle:   When matters outside the pleadings are introduced in a motion to dismiss, is it enough for the District Court to simply say, "I didn't think about them", to avoid converting a motion to dismiss into a motion for summary judgement, or does accountability for "excluding" matters outside the pleadings require more demonstrable evidence?

Timing Is Everything:   Waste Management, Inc. "regularly avails" itself of the benefits of doing intrastate business in Maryland, but is not registered with the state as required by law.  Maryland law requires that Waste Management not benefit from any statute of limitation as a result.

A Closed Call:   "While serving a Rule 12 motion tolls the deadline for a defendant to file an answer, filing a Rule 56 motion has no such effect." (*Modrowski v. Pigatto* 712 F.3d 1166 (7th Circuit 2013)).   Did Tsottles and Waste Management lose their opportunity to file a responsive pleading when they introduced matters outside the pleadings in their Motion to Dismiss, causing it to be converted into a motion for summary judgement?

## PROCEDURAL SUMMARY

On 30 March 2020, after six months of silence, and the day before the COVID-19 lockdown[1], the United States District Court for the District of Maryland summarily dismissed the entirety of Plaintiff-Appellant Matthew O'Reilly's action, granting Defendants-Appellees Adam Tsottles' and Waste Management, Inc.'s Rule 12(b)(6) *Motion to Dismiss*. Mr. O'Reilly timely filed for reconsideration, which the District Court denied in its entirety on 8 February 2021. It is principally from these two *Orders* and associated *Opinions* (the "*2020 Opinion*" and "*2021 Opinion*") that Mr. O'Reilly filed this appeal.

## REPLY SUMMARY

From the outset of this suit in the District Court of Maryland, Appellees Adam Tsottles and Waste Management, Inc. have done their level best to distort, confuse, and distract from their actual wrongdoing, and their *Informal Response Brief* stays this unfortunate course.

---

[1] Also, perhaps coincidentally, the day before the March 2020 *Civil Justice Reform Act Report* was compiled.

Before the District Court, Tsottles and Waste Management violated the Federal Rules of Civil Procedure and Rules of Evidence, in part by knowingly submitting a falsified affidavit, filing inadmissible evidence, attacking Mr. O'Reilly's character, and inappropriately labelling extrinsic matters as "judicially noticeable" in their dismissal motion.  Now they similarly seek to entice this Court to take notice of *additional* items that are not judicially noticeable, and they blatantly contravene the District Court's findings in their attempts to twist their way out of liability for their actions.

In this Appeal so far, Tsottles and Waste Management, Inc. have falsely accused Appellant O'Reilly of violating non-existent Federal Rules; bizarrely denounced Mr. O'Reilly for *not* violating the Local Rules of this Court, mistakenly claimed that Mr. O'Reilly alleged no civil rights violations in his *Amended Complaint*; and even attempted *sub rosa* to introduce new "facts", evidence, and their own Issues upon appeal.

None of this sleight of hand, however, can hide that Tsottles and Waste Management have *admitted*, on the Record, that Tsottles defamed Mr. O'Reilly and deprived him of due process, one of his most fundamental civil rights.  Rather, the entirety of Tsottles' and Waste Management's

defense hinges on this honorable Court agreeing that a) unproved, inadmissible, and irrelevant "facts" are acceptable; b) that inappropriate evidentiary filings are permissible; c) that the District Court was correct in appointing itself as arbiter of fact; and d) that binding precedents set by the Supreme Court of the United States, the Fourth Circuit, and the Maryland Court of Appeals may be entirely ignored.  Being incorrect in any one of these would be fatal to their argument, yet Appellees have somehow managed to be incorrect in every aspect.

Fundamentally, however, this appeal isn't about Tsottles' and Waste Management's misdeeds during the suit; it is about the errors made by the District Court, such as were argued in Mr. O'Reilly's *Informal Opening Brief*, *inter alia*:

1. The District Court did not consider whether "any possible set of facts" contained in Mr. O'Reilly's *Amended Complaint* would entitle him to relief, as required for *pro se* litigants, especially when pleading civil rights violations.

2. Instead, *sua sponte* and without authority, it dismissed the majority of the suit on a surprise technicality.

3. Nor did the Court apply the correct tolling of the statute of limitations, ignoring binding precedents by the United States Supreme Court, this Court and the Maryland Court of Appeals.

4. The Court was misled into believing that extrinsic matters introduced in Tsottles' and Waste Management's *Motion to Dismiss* were true, in place of those properly pleaded in the *Amended Complaint*.

5. The District Court accepted disputed matters outside the pleadings as true, then claimed that it "did not consider" those same extrinsic matters, even as it quoted them - verbatim - elsewhere in its *2021 Opinion* in support of its findings.

6. The District Court granted Waste Management, Inc. statutory relief to which the company, as a matter of law, is not entitled.

7. It also erred by not converting the *Motion to Dismiss* to a motion for summary judgement; not closing the pleadings; and denying Mr. O'Reilly's *Motion for Judgement on the Pleadings*.

8. And/or the Court improperly forebade Mr. O'Reilly the opportunity to address curable defects in the pleadings by denying him leave to amend.


In their *Informal Response Brief*, Appellees Tsottles and Waste Management, Inc. pontificate that "*The District Court committed no*

*error*." But to support this untenable assertion, Appellees are forced to ignore and/or misrepresent relevant law, precedent, and even disavow the District Court's findings, as argued below.

## REPLY ARGUMENT

## I.  Appellees repudiate the District Court's findings

Appellees Tsottles and Waste Management contend that the District Court flawlessly executed its duties, but simultaneously refuse to accept the Court's findings with which they disagree, illicitly attempting to introduce Issues of their own.

Appellees openly refute the plain and unambiguous language of the District Court's actual finding that "The Court concludes that Tsottles has been properly served." (*2020 Opinion*, at 16¶2). Instead, Appellees falsely claim *five times* in their *Response* (*Response*, at 7n9, 16n9, 20¶1 (+1), & 34¶1) that Mr. O'Reilly "*never properly served*" Tsottles.

Similarly, (mentioning this no fewer than *ten* times[2]) Appellees declare that "*the District Court lacked personal jurisdiction over WMI*",

---

[2]   *Response*, at 10¶2, 12¶3, 19¶1 (+2), 22¶1, 26¶2, 26¶3, 27¶2, and 27n12

entirely disregarding the District Court's actual finding: "[...] <u>O'Reilly has unearthed and introduced sufficient evidence to warrant reversing the Court's determination that it lacked jurisdiction over WMI</u>" (*2021 Opinion*, at 14¶1).

Tsottles and Waste Management cannot have it both ways; if, in their opinion, the Court did not err, then Appellees are knowingly propounding deceit by insisting that Tsottles was not served and that Waste Management, Inc. is not subject to the jurisdiction of the District Court. If they believe that the District Court *did* err, they should have raised the perceived errors by cross-appeal.

The District Court correctly determined that Tsottles was properly served, and that, without a hearing and jurisdictional discovery, Mr. O'Reilly introduced sufficient *prima facie* evidence for the Court to find that Waste Management, Inc. <u>is</u> within its jurisdiction (see *Appellant's Exhibit 3*, attached). Regardless, Tsottles and Waste Management have not cross-appealed, and Mr. O'Reilly did not raise these matters as Issues; thus these findings are ineligible for appellate review, and Appellees' *fifteen-fold* insistence otherwise must be disregarded.

## II.    Appellees are attempting to mislead this Court with newly-introduced "facts" that are unsupported by the Record

Upon appellate review of a motion to dismiss, the only facts that may be considered are those of the pleadings, indisputable public record, and admissible affidavits.  As they did throughout their District Court motions, however, Tsottles and Waste Management attempt to steer the narrative away from the *actual* facts with their "Counter-Statement of the Case" and "'Relevant' Factual Background", introducing contorted and fabricated statements that are contrary to both the Record and reality.

For example, Tsottles and Waste Management, once again, resolutely press the fiction that Mr. O'Reilly "instigated an altercation with Messrs. Palmer and Prioleau" (*Response*, at 11¶3), an invention from whole cloth that bears no resemblance to any fact found in the *Amended Complaint*; in any affidavit; on the public record; or, for that matter, in truth.

In fact, Waste Management employee Roy Palmer, unprovoked, assaulted Mr. O'Reilly, who, as testified, did not "instigate" any such "altercation".

Appellees' *Response* introduces further <u>unsubstantiated and utterly</u> <u>false</u> statements, continuing to impugn Mr. O'Reilly's character, and pervert the actual facts of the case. Mr. O'Reilly objects (*inter alia*) that these statements a) are untrue; b) are unsupported by and/or directly contrary to the facts on the Record, c) rely on facts not in evidence, and/or d) are otherwise inadmissible:

- "*Appellant became irrationally incensed*" (*Response Brief*, at 11¶2);

- "*consistent with the Baltimore City Code,* [Waste Management] *was collecting trash*" (*Id.*);

- "[...] *for* [Appellant's] *outrageous and dangerous conduct*" (*Id.*);

- "*Appellant then vindictively and without legal or factual justification, brought a frivolous lawsuit against Appellees*" (*Id.*, at 12¶2);

- "*This particular collection route included 3209 N. Charles Street*" (*Id.*, at 14¶2);

- "*Appellees disagree with many of the false and often irrelevant allegations contained in the Amended Complaint*" (*Id.*, at 14n5);

- "*Appellant incorrectly alleges*" (*Id.*, at 14n6);

- "*an angry pro se litigant*" (*Id.*, at 18¶1);

- "*he was served with the Criminal Summons on Charging Document and Statement of Charges*" (*Id.*, at 19¶1).

That Tsottles and Waste Management continue to persist in their prevarications is inexcusable, especially considering that the District Court's adoption of some of Appellees' lies comprises one of the central Issues of this appeal, as these and other false statements that were introduced in Tsottles' and Waste Management's *Motion to Dismiss* were directly quoted in the District Court's findings.

Likewise, Tsottles and Waste Management also state, "Appellees disagree with many of the [...] allegations contained in the Amended Complaint".  But an appeal is no more the forum to introduce their disagreement with factual matters that were *not* adjudicated in the District Court than was their original *Motion to Dismiss*.  The appropriate place to dispute *facts* is in a responsive pleading (which Tsottles and Waste Management have never filed), not a motion to dismiss, nor an appeal.

### III.  Appellees complain that Mr. O'Reilly omitted information, then claim that same information is "immaterial"

Tsottles' and Waste Management's *Response* avers that "*Appellant [...] omitted the [...] 'assault' of Mr. Prioleau from his version of the facts*" (*Response*, at 14n5), but immediately admits that <u>this same information is irrelevant</u>: "[...] *these factual issues were not central to the District Court's decisions and are immaterial to this appeal.*" (*Id.*)  Again, Appellees try to exploit the Rules, insisting that the Court must *have* this information... but must not *consider* it.

Tsottles and Waste Management speak of Mr. O'Reilly's "*version*" of the facts, as if there were another "version" permitted to be considered at this stage of litigation.   This choice of wording betrays its own fatal flaw: as the District Court correctly stated, "In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, <u>consider the factual allegations in the complaint as true</u>, and construe the factual allegations in the light most favorable to the plaintiff" (*2020 Opinion*, at 19¶2, *emphasis added*).

Here, the law *requires* the presumption that Mr. O'Reilly's recitation of the facts is true, complete, and correct. Tsottles and Waste Management are prohibited from interjecting their own "facts" into a motion to dismiss (without causing it to be converted to a motion for summary judgement), or into the appellate record, as they attempt to do here.

Moreover, as they have since they first shoehorned these extrinsic matters into their *Motion to Dismiss*, Tsottles and Waste Management fail altogether to offer <u>any</u> argument how or why the alleged assault is *or even could be* germane to the complaint. Indeed, Tsottles' words regarding the alleged assault <u>cannot</u> be intrinsic to Mr. O'Reilly's *Defamation Per Se* cause of action, as assault, unlike attempted theft, is not a crime of moral turpitude, and as such is not eligible to be a component of *per se* defamation in Maryland.

## IV.   Appellees are attempting to introduce new evidence into the case upon Appeal

Tsottles and Waste Management quote extensively (*Response*, at 15¶2) from what is purportedly Tsottles' *Application for Statement of Charges*, a document they openly admit "was not appended to any of the

filings that were submitted to the District Court" (*Id.*, at 15n7).   While Federal Rule of Evidence 201 permits the courts to take judicial notice of *some* items of Public Record, the Rules themselves caution that a "high degree of indisputability is the essential prerequisite" (FRE 201, *Notes of Advisory Committee on Proposed Rules*).   Considering that the perjury contained in this document is the very crux of several torts in this action, and Tsottles' false statements are therefore at the centre of this dispute, the information contained therein was not then, and is no more so now, permitted for judicial notice.

## V.   Appellees fail to explain how the District Court met its duty to apply a more lenient *pro se* standard of review

Tsottles and Waste Management nonsensically claim that Mr. O'Reilly "*fails to cite [where] the District Court failed to afford him leniency, ignored facts, or construed inferences against [him]*" (*Response*, at 19¶1).  But pages 29-34 of the *Opening Brief* in fact extensively address specific, harmful errors in the District Court's *Opinions*, including:

- considering extrinsic matters that are not subject to judicial notice;
- quoting incorrect statements made and later corrected by Appellees;

- quoting extrinsic matters introduced <u>only in Appellees' *Motion to Dismiss*</u> that do not exist in the pleadings; and

- introducing factually incorrect statements not made by any party.

Appellees' *Response* itself apes the District Court's words, but is glaringly lacking in either example or argument showing that the District Court applied even the same standard that should be afforded to *all* parties to Mr. O'Reilly's *Amended Complaint*, much less the more deferential standard mandated for *pro se* parties.

For example, the *Iqbal* plausibility test for ruling on a Rule 12(b)(6) motion states that: "a court should assume [the pleadings'] veracity <u>and then determine</u> whether they plausibly give rise to an entitlement to relief" (*Ashcroft v. Iqbal* (No. 07-1015) 490 F. 3d 143 at 679, *emphasis added*).

Instead, the District Court *first* employed a factual "plausibility" analysis <u>to override the assumption of veracity</u> (stating e.g., "Two assertions supporting O'Reilly's argument are implausible" (*2021 Opinion*, at 18¶3)), *only then* assuming the truth of those few pleaded facts that remained to

determine whether a claim for relief existed, whence it - unsurprisingly - found none.

These assertions - the facts contained in Mr. O'Reilly's affidavits, pleadings, and information on the public record - therefore did not benefit even from the basic process requirements afforded *all* litigants by *Iqbal*, much less the more lenient requirements mandated to be afforded to *pro se* parties. The District Court simply did not meet the requirements of the principles that protect lay parties, and the dismissal should be reversed.

## VI.  Appellees assert that Mr. O'Reilly should have discovered Tsottles' defaming words the day they were uttered

Tsottles and Waste Management blithely declare that somehow Mr. O'Reilly "*knew or should have known of the alleged defamatory statements on [...] October 17, 2017*" (*Response*, at 25¶3), the very day he spoke and wrote them. Tsottles and Waste Management offer no support whatsoever for this fanciful suggestion, nor even speculation on how Mr. O'Reilly *could* have learned of Tsottles' actual defamation contemporaneously.

The District Court similarly refrained from any fact-finding or analysis regarding how Mr. O'Reilly might have come into possession of a document - one he wasn't even aware existed - that was in the sole custody of the State's Attorney prior to its disclosure during discovery.

As the Record shows, Mr. O'Reilly had no idea that Tsottles was the individual who had defamed him until *at least* his first court appearance on 28 November 2017, and no access to "the facts constituting the violation" until well after that, and far less than a year prior to the filing of this action.

The District Court plainly erred by mis-applying the tolling of the statute of limitations for defamation *per se*, and that finding should be reversed.

## VII. Appellees completely ignore Supreme Court and Maryland Court of Appeals precedent that contradicts their argument

Tsottles and Waste Management attack Mr. O'Reilly's lack of knowledge of Tsottles' defamatory statements as "bad faith" (*Response*, at 25¶1), but Appellees' accusations are unsupported by any fact on the

Record.   <u>There is simply no means by which Mr. O'Reilly could have become aware of Tsottles' scienter before the *Brady* disclosure</u>.

Citing *Georgia-Pac. Corp. v. Benjamin*, 394 Md. 59 (2006), Tsottles and Waste Management would have the Court believe that the Maryland Court of Appeals only required "knowledge of the wrong upon which the action is based is discovered" because it was incorporated by Maryland's wrongful death statute, Md.Code (1974, 2002 Repl.Vol.), §§ 3-904(g)(2). But this argument does not bear scrutiny, as the Court of Appeals applied the selfsame rule in a purely property-related action in *William Rounds, et al. v. Maryland-National Capital Park and Planning Commission, et al.*, No. 19, September Term 2014.  In *Rounds*, the Court of Appeals held:

> In applying the discovery rule, the court's inquiry must focus on when the plaintiff discovered certain facts which would be sufficient to provide notice of the injury. When a statute of limitations defense is raised at the motion to dismiss stage, review is limited to the facts as alleged in the complaint.
>
> Where a plaintiff specifically alleged the date on which they became aware of their injury [...] and allegations of the complaint do not demonstrate the plaintiff's knowledge of facts which would provide notice of the injury at any earlier date, granting the motion to dismiss on statute of limitations grounds is improper. (*Rounds*, at 1¶3)

The District Court did not, and neither Appellees then or now, provide so much as a *theory* how Mr. O'Reilly could have retrieved Tsottles' defamatory document from the State's Attorney for Maryland more than one year prior to the filing of this action.

The instant case is entirely indistinguishable from *Rounds* in this regard. In his *Amended Complaint*, Mr. O'Reilly "specifically alleged the date on which [he] became aware of [the] injury", on or after 28 November 2017, a date less than one year prior to the filing of the complaint, and no allegation in the *Amended Complaint* demonstrates Mr. O'Reilly's "knowledge of facts which would provide notice of the injury at any earlier date", as he was not and could not have been aware of Tsottles' defamatory statements earlier. Thus here, as in *Rounds*, it was improper for the District Court to dismiss the cause of action for Defamation *Per Se* on statute of limitations grounds.

Despite this, Tsottles and Waste Management cling desperately to the entirely-factually-unsupported pronouncement that Mr. O'Reilly did not conduct a "reasonable inquiry", because through some unspecified

prestidigitation, this would have made Mr. O'Reilly aware of Tsottles' false statements earlier.

But this also forces them to deliberately ignore the Supreme Court in *Merck & Co. v. Reynolds* (No. 08-905) 543 F. 3d 150, (affirmed), which held that a plaintiff does not act in bad faith where, as here, the "facts constituting the violation" are unavailable: "the limitations period does not begin to run until the plaintiff thereafter discovers [...] 'the facts constituting the violation,' including scienter—irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." (*Id.*, at 17¶2)  So even, *solo arguendo*, had Mr. O'Reilly *not* undertaken an investigation, there is <u>no</u> evidence that he *could* have (much less *should* have) discovered Tsottles' defamatory words more than one year prior to filing suit.

A recent Eighth Circuit opinion similarly concluded, "at a minimum the commission of a deceptive act and scienter are 'facts constituting the violation.' See *Merck*, 559 U.S. at 648-49.  Accordingly, if Appellants did not discover or with reasonable diligence would not have discovered the particular facts constituting the deceptive act and the facts showing scienter

[...], the statute of limitations does not bar Appellants' claim." *West Virginia Pipe Trades v. Medtronic, Inc.*, 15-3468 (8th Cir. 2016), at 6¶2.

The Court continues, "because Appellants could not have discovered with reasonable diligence sufficient information to plead scienter with the particularity necessary to survive a motion to dismiss [...], Appellants brought their complaint within the [...] statute of limitations" (*Id.*, at 9¶1).

In this light, because Mr. O'Reilly <u>could not have discovered</u> Tsottles' actual words and scienter before (even for the sake of argument, at the very, very earliest) 28 November 2017, the filing of the action on 27 November 2018 was within the statute of limitations. The District Court, having undertaken no factual analysis to the contrary, cannot have been correct in determining that Mr. O'Reilly's Defamation *Per Se* claim was time-barred.

Further, as this Court recently found in *re: Willis Towers Watson*, 18-1874, at 7n2 (4th Cir. 2019), "'In general, <u>district courts should not resolve affirmative defenses on a motion to dismiss</u> unless all facts necessary to the defense 'clearly appear[] on the face of the complaint'. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250

(4th Cir. 1993))." Because Mr. O'Reilly factually pleaded that he first learned of the charges against him within the one-year statute of limitations, the District Court should not have resolved this affirmative defense in favor of Tsottles and Waste Management, dismissing Mr. O'Reilly's causes of action.

It is clear that the District Court's findings are in direct opposition to the precedent set by the United States Supreme Court, the Fourth Circuit, and the Maryland Court of Appeals.  The Court erred by dismissing the cause of action on statute of limitations grounds, and this dismissal should be reversed.

## VIII. Contrary to Appellees' claims, the District Court improperly denied Mr. O'Reilly leave to amend

Mr. O'Reilly's proposed *Second Amended Complaint* attempted to specifically and thoroughly address the deficiencies found in the District Court's *2020 Opinion*, including new and more specific allegations, and addressing in detail each and every one of the "abandoned" (or "undisputed" or "partially disputed") claims the Court had dismissed.

The *Second Amended Complaint* should have been evaluated under the same standard of review for *pro se* parties, including determining whether "any set of facts" would have entitled Mr. O'Reilly to relief. For example, Mr. O'Reilly uncovered new evidence that both Tsottles and Palmer defamed Mr. O'Reilly anew in November 2019, an allegation that was clearly within the statute of limitations (where the *Motion for Leave to Amend* was filed in July 2020) and factually stated a claim for relief for Defamation *Per Se*.

The District Court would not hear of it, however, stating, "even assuming <u>arguendo</u> that the *Second Amended Complaint* articulates an otherwise viable claim against the proposed additional defendants, many of those claims would now be outside the applicable statutes of limitations" (*Id.*, *emphasis in original*). But the Court identifies none of the "many" claims that would be outside of the statutes of limitation, and as argued previously, only the claims for assault and defamation - and <u>none</u> of the additional claims arising from the original October 2017 events - were past the statutes of limitation when the *Motion to Amend* was filed in July 2020, much less the causes of action that arose after this action was filed.

In addition, the Court did not provide any factual analysis to support its legal conclusion that the additional facts in the proposed *Second Amended Complaint* would not address the deficiencies in the *Amended Complaint*.

As has been shown, the District Court did not evaluate Mr. O'Reilly's *Motion for Leave to Amend* under an appropriate standard; was incorrect about the expiry of statutes of limitation for the new claims and defendants identified in the proposed *Second Amended Complaint*, and did not provide any facts supporting its legal conclusion that the *Second Amended Complaint* was insufficient to correct <u>any</u> of the deficiencies it was specifically crafted to address. In all of these ways, the District Court erred by denying leave to amend, and if the District Court's other errors do not forfend the necessity of amending the complaint, the decision should be reversed.

## IX. Contrary to Appellees' claims, the District Court lacks authority to consider claims "abandoned" under motions to dismiss

Tsottles and Waste Management posit that "the District Court properly concluded [that Mr. O'Reilly] abandoned certain claims" (*Response*, at 9¶2). But Appellees do not address that the technicality of "abandonment" is a creature of purely procedural invention in the District of Maryland, though it appears to be a widespread and pervasive one. There is no authority in statute, precedent, or Federal or Local Rule that permits courts in the District of Maryland to consider claims "abandoned" without assessing the factual allegations on their merits, which factual analysis is itself contrary to courts' authority under Federal Rule 12(b).

In their efforts to rationalize the District Court's error, Appellees cite[3] several cases in support of "abandonment", but just as in the District Court's *Opinions*, every cited case is non-precedential and from within the District of Maryland itself:

---

[3] Mr. O'Reilly believes Appellees' citation "*U.S. for Use of Ray Gains, Inc. v. Essential Const. Co.*, 261 F. Supp. 715, 716 n.1 (D. Md. 1966)" is incorrect, as this opinion could not be found in any Federal Supplemental archive online (including at justia.com and courtlistener.com).

- In *Jones v. Dacosta*, 930 F. Supp. 223, 226 (D. Md. 1996), the District Court dismissed the suit for lack of Federal jurisdiction, not as a result of "abandonment", and the case is therefore inapposite.

- *Johnson v. Nationstar Mortg.*, LLC, No. 14-02536, 2014 WL 5377636, at *2 n.2 (D. Md. Oct. 21, 2014) cites *Ferdinand-Davenport* and *Mentch v. Eastern Sav. Bank, FSB*, 949 F.Supp. 1236, 1247 (D. Md. 1997), which, as previously argued, do not afford the District Court the authority or discretion to consider claims abandoned under Rule 12.

- *Wheelabrator Baltimore, L.P. v. Mayor & City Council of Baltimore*, 449 F. Supp. 3d 549, 567 (D. Md. 2020) is a contemporary case from Judge Russell, the same presiding District Court judge as in the present case, and thus can hardly be considered authoritative. Further, it cites *Muhammad v. Maryland*, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012), which itself cites *Ferdinand-Davenport*, the same penultimate case cited by all of the District Court's citations (as enumerated in Mr. O'Reilly's *Informal Opening Brief*).

As can be seen, each of the latter cases ultimately resolves to *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D. Md. 2010), which appears to have been, *sua sponte*, the genesis of the misguided "abandonment" concept for Rule 12 within the District of Maryland more than a decade ago.

Interestingly, in the single Fourth Circuit case cited in the *2021 Opinion*, "*United Supreme Council, 33 Degree of the Ancient & Accepted Scottish Rite of Freemasonry, Prince Hall Affiliation, S. Jurisdiction of the U.S. of Am., a Tenn. Non-Profit Corp. v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry, Prince Hall Affiliated, a D.C. Non-Profit Corp.*, 792 F.App'x 249, 259 (4th Cir. 2019)", this Court <u>correctly</u> affirmed the decision of the District Court of the Eastern District of Virginia[4], through <u>that District's *Local Civil Rule 56(B)*</u>: "the Court may assume that facts identified by the moving party [...] are admitted, unless such a fact is controverted in the statement of genuine

---

**4** Which cites *East-West, LLC v. Rahman*, 872 F. Supp. 2d 271, 728 (E.D. Va. 2012)(itself citing "*Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08-cv-00918, 2010 WL 1667285, at *8 (M.D.N.C. Apr. 23, 20210))(collecting cases)."

issues filed in opposition to the motion".  But this Rule applies, again, <u>only</u> to motions for summary judgement[5], <u>not</u> to motions to dismiss.

Regardless, the District of Maryland has not adopted any analogous local rule, and thus in contrast to the Eastern District of Virginia lacks the requisite authority to even consider claims "abandoned" in motions for summary judgement, much less motions to dismiss, making this case's matter precedent inapplicable to any suit in the Federal Courts of Maryland.

That the District of Maryland Courts appear to use the "abandonment" technicality with some frequency does not imbue the error with authority.  The practice is in direct opposition to the Federal Rules of Civil Procedure and decades of binding precedent and preference expressed by the United States Supreme Court, the Fourth Circuit Court of Appeals, and the Maryland Court of Appeals.  Its use in this case was improper and was plain error, and the dismissals for abandonment should be reversed.

---

[5] The *United* Court itself cites a case from the Middle District of North Carolina, which similarly employs <u>Local Rules 7.2-7.3</u>, providing similar authority to E. D. Va.'s *Local Civil Rule 56*, which, again, the District of Maryland lacks.

## X.   The District Court arbitrated facts as well as law when ruling on Appellees' *Motion to Dismiss*

As the Honorable George Levi Russell, III, the presiding judge in the District Court of Maryland in this action, has written previously: "The purpose of a Rule 12(b)(6) motion 'is to test the sufficiency of a complaint,' not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Coin Automatic Laundry Equipment Company v. Hampton Plaza, LLLP*, No. 1:2016cv00695 - Document 20 (D. Md. 2017)[6]. Yet in the *2020* and *2021 Opinions*, Judge Russell addressed contests surrounding the facts *and* the applicability of defenses, resolving both in favor of Tsottles and Waste Management.

A motion to dismiss should test a) whether the alleged facts are plausible on their face[7], and b) whether all of the elements of the claims are alleged *as facts*[8].

---

[6]  citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992))

[7]  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (*Id.*)

[8]  "Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to

A motion for summary judgement, in contrast, should test a) whether there is proof that the facts are true, b) whether all of the elements of the claims are proved by the true facts, c) whether any material facts are reasonably disputed or disputable, and/or d) whether the non-movant could not present any evidence that would reasonably dispute the facts.

Mr. O'Reilly's *Amended Complaint* alleged each and every element of each cause of action as fact.  But in granting Tsottles' and Waste Management's "*Motion to Dismiss*", the District Court applied part (a) of the Rule 56 test rather than of the Rule 12 test, stating categorically that some of the allegations in the *Amended Complaint* were untrue: e.g., "Two assertions supporting O'Reilly's argument are implausible" (*2021 Opinion*, at 18¶3).

This foray into factual analysis exceeded the authority of the District Court as trier of law, violating the Supreme Court's mandate that, "In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and

---

establish each element. *Goss v. Bank of Am., N.A.*, 917 F.Supp.2d 445, 449 (D.Md. 2013)" (*Id.*)

construe the factual allegations in the light most favorable to the plaintiff" *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

As argued in the *Informal Opening Brief*, and in contrast to Tsottles' and Waste Management's unsupported claims otherwise, this leads to one of two conclusions: either the District Court a) erred by not converting the motion to dismiss to a motion for summary judgement and denying it for non-conformity; or b) erred by tacitly converting the motion to dismiss into a motion for summary judgement *sua sponte* without notice or discovery.

The outcome of each error is the same, however: the District Court improperly disposed of Appellees' *Motion to Dismiss* by granting it.  Thus the appropriate remedy under either theory is to reverse the decision.

## XI.    The District Court did not exclude the extrinsic matters improperly included in Appellees' *Motion to Dismiss*

In its *2020 Opinion*, the District Court concluded that it "may consider [the extrinsic matters introduced in the *Motion to Dismiss*] without converting Tsottles' Motion to one for summary judgement" (ECF

No. 73, at 18¶3) because it incorrectly accepted, at Appellees' urging, that those matters were judicially noticeable.

When the District Court learned that these matters were <u>not</u>, in fact, subject to judicial notice, it claimed instead that it "did not consider" the extrinsic matters.  But still the Court quoted the *Motion to Dismiss* on those very matters elsewhere in the same *Opinion*.

Appellees now falsely state that Mr. O'Reilly "*cannot point to any portion of the Opinion in which it applied the summary judgment standard or relied on any extrinsic evidence that may have converted the Motion to Dismiss to a motion for summary judgment* (*Response*, at 32¶3).  Yet Mr. O'Reilly has done exactly that: for example, in his *Informal Opening Brief* (*Opening Brief*, at p.29-34), he cited the District Court's recitation of the very concepts illicitly introduced in the *Motion to Dismiss*, that occurred nowhere in the *Amended Complaint*.

Thus we are left with only one logical conclusion: the District Court *did* consider these extrinsic matters when it granted Tsottles' and Waste Management's *Motion to Dismiss*.    Because Tsottles and Waste

Management introduced matters outside the pleadings, and because the District Court did not exclude them, it was obligated to convert the *Motion to Dismiss* into a motion for summary judgement, and deny it for non-conformance with Rule 56.  By failing to do so, the District Court plainly erred, and the granting of the *Motion to Dismiss* should be reversed in its entirety.

## XII.  The District Court incorrectly denied Mr. O'Reilly's *Motion for Partial Summary Judgement*

Tsottles and Waste Management re-iterate that the *Motion for Partial Summary Judgement for Defamation Per Se* was time-barred.

As shown *supra*, they continue to be wrong.

## XIII. The District Court improperly denied Mr. O'Reilly's costs of service to Tsottles and Waste Management, Inc.

As the District Court correctly found, Tsottles and Waste Management, Inc. were both served with Requests for Waiver of Service, and, when unresponsive, were properly served with process.  Therefore the

District Court was obliged to determine whether good cause existed for their failure to waive service, and its decision not to should be reversed.

**XIV. The District Court failed to convert the *Motion to Dismiss* to a motion for summary judgement, failed to close the pleadings, and thus erred in not granting Mr. O'Reilly's *Motion for Judgement on the Pleadings***

As argued *supra*, the District Court did <u>not</u> properly exclude the extrinsic matters Tsottles and Waste Management, Inc. introduced in their *Motion to Dismiss*.  Thus, as a matter of law, the Court was required by the Federal Rules to convert the motion into a motion for summary judgement. Because motions for summary judgement do not toll the time available for responsive pleadings, the allotted time for Tsottles and Waste Management to file a responsive pleading has long since passed, and the pleadings should have been closed.  With the pleadings closed, and the *Amended Complaint* the only pleading on the Record, the District Court was obliged to grant Mr. O'Reilly's *Motion for Judgement on the Pleadings* and award judgement to Mr. O'Reilly.  It would best serve the interests of justice and fairness, and certainly promote judicial economy, to simply reverse the District Court's denial in full.

## CONCLUSION

For the reasons shown here and in Mr. O'Reilly's *Informal Opening Brief*, it is clear that the District Court of Maryland erred broadly and repeatedly in dismissing this case, and the sakes of justice, fairness, and respect for the rule of law, precedent, and principle can only preserved if this honorable Court reverses those erroneous decisions.

Mr. O'Reilly thanks the Court in advance for its careful consideration, engagement, and attention to detail in this matter.  The damage to his reputation and livelihood may be fundamentally irreparable, but what justice can be done here will go a long way to lessening the impact the lies and affronts of Tsottles and Waste Management, Inc. will have on Mr. O'Reilly's life - and that of others similarly situated - from this point on.

Respectfully submitted to the Court this 27th day of May, 2021.

Matthew O'Reilly*, Pro Se
Plaintiff - Appellant
14316 Reese Blvd.
Huntersville, NC  28078
+1.704.906.3422
No fax number available.*

# APPELLANT'S EXHIBIT 3

- Due to the poor quality of the scan of the original photographic evidence showing Waste Management, Inc.'s substantial contacts within the state of Maryland (cf. ECF No. 75-4), the Exhibit is reproduced here for the Court's ease of reference.

- These photographs are just some of the thousands of Waste Management Inc.-branded (<u>not</u> "Waste Management of Maryland, Inc.") waste collection receptacles in the state of Maryland.

- Each of the receptacles bears:
    - the Waste Management, Inc. logo and colors;
    - a phone number that reaches the Waste Management, Inc. call center in Arizona;
    - and "wm.com", which is, as shown in ECF No. 77-1, owned solely by Waste Management, Inc. (<u>not</u> Waste Management of Maryland, Inc.)

- These photographs are clear evidence that Waste Management, Inc. is "essentially at home in the forum state", as it is aware of and "regularly avails itself of the benefits of doing business" in Maryland, including advertising to residents and businesses in the state.

In the
# United States District Court
for the
# District of Maryland
Northern Division

Matthew O'Reilly
*Plaintiff, Pro Se*

v.

Tsottles, Adam

&

Waste Management, Inc.
*Defendants*

Civil Action:      GLR18-CV-3622

## PLAINTIFF'S EXHIBIT 1 IN SUPPORT OF PLAINTIFF'S MOTIONS TO RECONSIDER, VACATE, REOPEN, AND FOR LEAVE TO AMEND



1.

2. 

3. 

4.



5.



6.



7.



8. 

9.

10.

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2021, a copy of the foregoing was sent via electronic delivery (email) to:

Jillian K. Walton, Bar No. 20144

SAUL EWING ARNSTEIN & LEHR LLP

1 PPG Place

Suite 3010

Pittsburgh, PA15222

(p) 412-209-2537

(f) 410-332-8181

jillian.walton@saul.com

*Counsel for Appellees Waste Management, Inc.*
*and Adam Tsottles*


_____

Matthew O'Reilly

PLAINTIFF *pro se*

*14316 Reese Blvd.*

*Huntersville, NC  28078*

*+1.704.906.3422*

*No fax number available.*

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**Effective 12/01/2016**

No. __21-1194__      **Caption:** Matthew O'Reilly v. Adam Tsottles & Waste Management

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

---

**Type-Volume Limit for Briefs:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

---

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

---

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

---

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

☑ this brief or other document contains ____6,476____ [*state number of*] words

☐ this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

☑ this brief or other document has been prepared in a proportionally spaced typeface using
Microsoft Word _____ [*identify word processing program*] in
Georgia 14pt _____ [*identify font size and type style*]; **or**

☐ this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) Matthew O'Reilly, pro se _____

Party Name Matthew O'Reilly _____

Dated: 27 May 2021 _____