NO. 21-1194

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

MATTHEW O'REILLY
Plaintiff-Appellant,

v.

ADAM TSOTTLES; WASTE MANAGEMENT,
Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT OF MARYLAND

**APPELLANT'S PETITION FOR REHEARING EN BANC**

Matthew O'Reilly
14316 Reese Blvd. B101
Huntersville, NC 28078
*Appellant Pro Se*

John F. Stoviak
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Phone: (215) 972-7777
john.stoviak@saul.com,

Geoffrey M. Gamble
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3133
Phone: (410) 332-8600
geoff.gamble@saul.com

*Counsel for Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

STATEMENT REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 35(b) AND LOCAL RULE 40(b) ............................................................................................................. 1

BACKGROUND ....................................................................................................................... 4

ARGUMENT ............................................................................................................................. 6

    I.    THE PANEL'S OPINION DIRECTLY CONTRADICTS SUPREME COURT LAW IN *MERCK* AND MARYLAND LAW IN *BENJAMIN* BY UPHOLDING THE DISTRICT COURT'S "INQUIRY NOTICE" FINDING. .................................................................................................................. 6

    II.    THE PANEL IGNORES FEDERAL RULE 8(A) AND 12(B) AND OVERLOOKS DECADES OF SETTLED SUPREME COURT PRECEDENT BY SILENTLY LEGITIMIZING THE DISTRICT COURT'S USE OF "ABANDONMENT" AS A PROCEDURAL DEVICE. ............................................ 7

    III.    THE PANEL CONTRAVENES BLACK-LETTER SUPREME COURT AND FOURTH CIRCUIT PRECEDENT THROUGH ITS AFFIRMANCE OF THE DISTRICT COURT'S DRAWING OF INFERENCES AGAINST THE NON-MOVING PARTY; MAKING FACTUAL CREDIBILITY DETERMINATIONS; AND NOT LIBERALLY CONSTRUING A *PRO SE* PLAINTIFF'S PLEADINGS ON A MOTION TO DISMISS. ................................................................................. 8

    IV.    THE PANEL ERRED BY OVERLOOKING MARYLAND LAW, APPROVING THE DISTRICT COURT'S GRANTING OF STATUTE OF LIMITATIONS DEFENSES TO WHICH WASTE MANAGEMENT, AS A MATTER OF LAW, IS NOT ENTITLED. ......................................................... 9

CONCLUSION ........................................................................................................................ 10

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ............................................................................................. 10

CERTIFICATE OF FILING AND SERVICE .............................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Allen v. One Stop Staffing, LLC* (1:19-cv-02859) (D.MD. 2021) ............................ 11

*Davis v. LaClair* (1:21-cv-01582) (D.MD. 2021) ...................................................... 11

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ................................................................ 6

*Foman v. Davis*, 371 U.S. 178 ................................................................................... 12

*Georgia-Pacific Corporation v. Elsie L. Benjamin*, 904 A.2d 511 (2006) ............... 6

*Jackson v. State of Maryland* (8:20-cv-00270) (D.MD. 2020) ................................. 11

*Jarrells v. Anne Arundel County* (1:21-cv-02902-GLR) (D.MD. 2021) ................. 11

*Martin v. Duffy*, 858 F.3d 239, 243 (4th Cir. 2017) .................................................... 6

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) ......................................................... 6

*Pinson v. Maryland* (1:20-cv-01155-GLR) (D.MD. 2020) ...................................... 11

*Poffenberger v. Risser*, 290 Md. A.2d (1981) .......................................................... 10

Price v WMI - D.Md. 1:13-cv-02535-ELH .............................................................. 13

*Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) ....................................................... 6

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) ........................ 6

*Temescal Wellness v. Faces Human Capital* (1:20-cv-03648-GLR) (D.MD. 2021)
   .................................................................................................................................. 11

*Waheed v. State of Maryland* (1:20-cv-01931-GLR) (D.MD. 2020) ....................... 11

**Statutes**

*MD. Courts and Judicial Proceedings Code* § 5-204 .................................................. 7

**Rules**

Federal Rule Of Appellate Procedure 35(b) ................................................................ 5

Federal Rule of Civil Procedure 12(b) ........................................................................ 6

Federal Rule of Civil Procedure 8(a) .......................................................................... 6

Local Rule 40(b) .......................................................................................................... 5

**Other Authorities**

https://www.youtube.com/watch?v=IxbUR4S_NCI ................................................ 13

# STATEMENT REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 35(b) AND LOCAL RULE 40(b)

Rehearing is warranted in this case for several independent reasons. The panel opinion's single dispositive sentence, "We have reviewed the record and find no reversible error", provides no analysis to distinguish this case from prior published opinions wherein identical District Court findings were held to compel reversal. Neither is there offered any discussion pertaining to its decision to abandon, overturn, or refuse to enforce those prior decisions, and the panel has overlooked and/or does not address multiple material factual and legal matters in the briefs.

    It is well established in the Fourth Circuit that a three-judge panel may not overturn or override Supreme Court precedent, nor a published decision of a prior three-judge panel; yet the present opinion does so in several ways, without comment or justification. The panel found no reversible error in the District Court's opinions, despite that those opinions were inconsistent with United States Supreme Court, Fourth Circuit, and Maryland Court of Appeals binding precedent.

    First, the panel's blanket affirmation upholds the finding of the District Court, wherein it failed to determine when the actual cause of action for defamation arose, that merely the discovery of the *injury* triggered the running of the statute of limitations. This application of "inquiry notice" (sometimes referred to as "implied notice" in Maryland) is in direct conflict with Supreme Court precedent in *Merck*

*& Co. v. Reynolds*, 559 U.S. 633 (2010) and that of the Maryland Court of Appeals in *Georgia-Pacific Corporation, et al. v. Elsie L. Benjamin, Individually, etc.*, 904 A.2d 511 (2006)[1].

Second, the panel overlooks entirely the District Court's use of "abandonment", a self-created procedural pitfall requiring plaintiffs to re-plead portions of their complaint in their response to a motion to dismiss, which is itself in direct violation of (*inter alia*) Rule 8 and 12 of the Federal Rules of Civil Procedure. This also conflicts with the Supreme Court's mandate in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) that "[a] document filed *pro se* is 'to be liberally construed", and this Court's derivative precedent in *Martin v. Duffy*, 858 F.3d 239, 243 (4th Cir. 2017).

Third, the drawing of inferences against the non-moving party on a motion to dismiss, as the District Court did below, is similarly reversible error (*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000)). A published opinion in this Circuit, *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020), re-affirmed this precedent only three years ago, but was wordlessly ignored by the present panel.

Similarly, it is long-settled law in the Fourth Circuit that issues of material fact may not be resolved by the District Court on a motion to dismiss. Yet the District Court's credibility determination of the facts contained in the Amended

---

[1] Some sources refer to this case as *Union-Pacific v. Benjamin*, while others cite *Georgia-Pacific v. Benjamin*. The citation given here is for the same case cited in Appellant's briefs here and below, and is as accurate as can currently be determined.

Complaint, disguised as a "plausibility" analysis under *Twombly/Iqbal*, was affirmed without comment or analysis.

Also left undisturbed is the District Court's application of the statute of limitations, even as it assumed that Waste Management was an unregistered foreign corporation doing business in Maryland, which by *MD. Courts and Judicial Proceedings Code* § 5-204 would disqualify it from benefitting from any statute of limitation in Maryland.

Finally, the panel's opinion also raises a question of exceptional – that is to say, Constitutional – importance, as it tacitly condones the current practice of the District Court of Maryland *to establish its own precedent*, slamming the courtroom doors and denying unrepresented parties their Sixth Amendment right to have their grievances heard on their merits in the courts.

Though this is an unpublished and non-binding opinion, it nonetheless induces an intra-circuit split: if a panel may completely ignore binding, published opinions that are indistinguishable from the case at bar, refusing to enforce those precedents on this Court or the District Courts, then the very concept of binding precedent is in peril in this Circuit.

## BACKGROUND

In 2017, employees of Waste Management, unprovoked, assaulted and battered Mr. O'Reilly. To avoid prosecution of his employees, their supervisor, Adam Tsottles, who was not present for the event, swore out a criminal complaint containing lies and material omissions in front of a Magistrate in the Baltimore City District Court. Waste Management withheld material exculpatory evidence, preventing Mr. O'Reilly from receiving a fair trial, ruining his professional standing, and causing years of financial, mental, and emotional damage that continues to this day.

Mr. O'Reilly filed this action in the District Court of Maryland following the successful resolution of his criminal proceedings, alleging 33 causes of action against Tsottles and Waste Management (ECF 12-main).

Ruling on Defendants' Rule 12(b)(6) motion to dismiss (ECF 17-main), the District Court found that the allegation in Mr. O'Reilly's complaint that he was not aware of the scienter of the defamation was "implausible" (ECF 79 at 18 ¶ 3), because it was a "virtually unheard-of" (*Id.*) situation.

Further, contrary to *Merck*, *Benjamin*, and other binding precedent, the Court found that "even if" Mr. O'Reilly could not have discovered the scienter until less than one year before filing suit, "inquiry notice" triggered the statute of limitations prior (ECF 73 at 23 ¶ 1). The Court did not determine when (if at all)

4

the discovery rule tolled the limitations period, nor why the tolling ceased before the cause of action accrued.

Disregarding Rules 8(a) and 12(b), the District Court then dismissed each remaining cause of action in the complaint as "abandoned", because Mr. O'Reilly did not respond individually to each point raised in the motion to dismiss (ECF 73 at 20 ¶ 2), even though the Amended Complaint fully addressed each concern in fact and allegation.

Despite assuming that Waste Management was within the jurisdiction of the Court (ECF 79 at 14 ¶ 1), and having a sworn statement from Waste Management that it was not registered to do business in Maryland (ECF 17-4), it proceeded to grant statute of limitations protection to which Waste Management is not entitled, in direct opposition to Maryland statutory law *MD. Courts and Judicial Proceedings Code* § 5-204.

Mr. O'Reilly timely appealed, and briefing was finalized on 27 May, 2021.

A *per curiam* panel affirmed with a single sentence on 01 May, 2023.

## ARGUMENT

### I. THE PANEL'S OPINION DIRECTLY CONTRADICTS SUPREME COURT LAW IN *MERCK* AND MARYLAND LAW IN *BENJAMIN* BY UPHOLDING THE DISTRICT COURT'S "INQUIRY NOTICE" FINDING.

The panel's opinion allows the District Court's erroneous application of the inquiry notice standard to stand. In *Merck*, the Supreme Court stated that "[...] the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,' including scienter—irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." As argued below and on appeal, the District Court not only did not determine when scienter would have been discoverable by Mr. O'Reilly, but drew inferences against the Complaint – the only pleading so far in this case – in order to do so.

The opinions are equally erroneous in light of Maryland law under *Georgia-Pacific v. Benjamin*. In *Benjamin*, the Maryland Court of Appeals, citing *Poffenberger v. Risser*, 290 Md. A.2d (1981), held that inquiry (aka "implied") notice differs from actual or constructive notice, in that "presumptions of law do not trigger the statute of limitations".

In order to establish the end of the limitations tolling period under Maryland's discovery rule, the District Court was obligated to determine when the facts (including scienter) were available to Mr. O'Reilly. To do as it did instead –

6

drawing inferences against the Complaint and in favor of Tsottles and Waste Management – was reversible error under both Supreme Court and Maryland precedent.

The panel's opinion does not distinguish this case in any manner, and perpetuates the District Court's error. Correcting these errors warrants rehearing.

## II. THE PANEL IGNORES FEDERAL RULE 8(A) AND 12(B) AND OVERLOOKS DECADES OF SETTLED SUPREME COURT PRECEDENT BY SILENTLY LEGITIMIZING THE DISTRICT COURT'S USE OF "ABANDONMENT" AS A PROCEDURAL DEVICE.

The District Court of Maryland routinely dismisses cases by requiring unrepresented parties to re-plead facts and allegations in their responses to motions to dismiss – even when (as here) the pleadings already adequately address all disputes introduced in the motion.

This has no basis in the Federal Rules; in fact, the Court calls it a "custom" in the district, citing its own cases – and without authority from *any* Circuit, State, or Supreme Court, because none exists – as approval for its "custom". In fact, the District Court has cited the present case on *seven* separate occasions[2], even as this

---

[2] *Pinson v. Maryland* (1:20-cv-01155-GLR) (D.MD. 2020), *Jackson v. State of Maryland* (8:20-cv-00270) (D.MD. 2020), *Davis v. LaClair* (1:21-cv-01582) (D.MD. 2021), *Waheed v. State of Maryland* (1:20-cv-01931-GLR) (D.MD. 2020), *Jarrells v. Anne Arundel County, Maryland* (1:21-cv-02902-GLR) (D.MD. 2021),  *Allen v. One Stop Staffing, LLC* (1:19-cv-02859) (D.MD. 2021), and *Temescal Wellness of Maryland, LLC v. Faces Human Capital, LLC* (1:20-cv-03648-GLR) (D.MD. 2021)

issue is being appealed, as authority for it to continue this harmful, unfair, unsanctioned, and prejudicial practice.

Despite it being contrary to both the letter and spirit of the Federal Rules, and the Supreme Court's repeated warnings about "procedural gamesmanship" and "mere technicalities" (*cf. Foman v. Davis*, 371 U.S. 178), the panel's opinion allows this to continue unaddressed, an untenable state also warranting rehearing.

### III.   THE PANEL CONTRAVENES BLACK-LETTER SUPREME COURT AND FOURTH CIRCUIT PRECEDENT THROUGH ITS AFFIRMANCE OF THE DISTRICT COURT'S DRAWING OF INFERENCES AGAINST THE NON-MOVING PARTY; MAKING FACTUAL CREDIBILITY DETERMINATIONS; AND NOT LIBERALLY CONSTRUING A *PRO SE* PLAINTIFF'S PLEADINGS ON A MOTION TO DISMISS.

The Supreme Court and Fourth Circuit precedent requiring District Courts to "liberally interpret" *pro se* filings, not make factual determinations at the motion to dismiss stage, and not draw inferences against a non-moving party on a 12(b)(6) motion is so ingrained that some opinions do not even bother with citations. Judges Wynn, Heytens, and Gregory have specifically mentioned these principles repeatedly and often in oral argument.

In this case, the District Court has done all three, and the panel opinion elides past them all without acknowledgement. Each error has been cited in numerous published opinions in this Circuit as not only reversible error, but error

that *mandates* reversal. The panel's naked statement that it found "no reversible error" *must* be mistaken, and rehearing should be granted on this error alone.

### IV. THE PANEL ERRED BY OVERLOOKING MARYLAND LAW, APPROVING THE DISTRICT COURT'S GRANTING OF STATUTE OF LIMITATIONS DEFENSES TO WHICH WASTE MANAGEMENT, AS A MATTER OF LAW, IS NOT ENTITLED.

The Maryland code is clear and unambiguous: "A foreign corporation [...] required by law to qualify or register to do business in the State [...] may not benefit from any statute of limitations in an action at law or suit in equity [...]" (*MD. Courts and Judicial Proceedings Code* § 5-204)

Waste Management, by its own affidavit (ECF 17-4; *see also* Price v WMI - D.Md. 1:13-cv-02535-ELH Doc.7-2), is not registered to do business in Maryland. Yet David Steiner, CEO of Waste Management has admitted, on national television [ https://www.youtube.com/watch?v=IxbUR4S_NCI ][3], that Waste Management *does*, in fact, do business in Maryland, a fact this Court may take judicial notice of. All businesses doing intrastate business in Maryland, as Waste Management does, are required to register with the state.

The panel's unaddressed waiver of the District Court's clear error thus invalidates the Maryland statute, does not comport with the *Erie* doctrine, and provides yet another independent issue requiring rehearing in this case.

---

[3] CNN business, aired 28 May 2013 with 9,616 views. Last visited 21 April 2023.

## CONCLUSION

For all these reasons, Mr. O'Reilly respectfully request that this Court grant rehearing *en banc*.

Dated: 14 May, 2023

Respectfully Submitted,

_____*Matthew O'Reilly*_____ .
*14316 Reese Blvd, B101
Huntersville, NC 28078
+1.704.906.3422
No fax number available*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 35(b)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

■ this document contains 2,704 words, **or**

☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

■ this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type, **or**

☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

s/ Matthew O'Reilly
*Appellant*
Dated: 14 May, 2023

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 14th day of May, 2023, a copy of the foregoing was sent via electronic delivery (email) to:

John F. Stoviak
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Phone: (215) 972-7777
john.stoviak@saul.com,

Geoffrey M. Gamble
Saul Ewing Arnstein & Lehr LLP
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3133
Phone: (410) 332-8600
geoff.gamble@saul.com

*Counsel for Appellees*

_____
*Matthew O'Reilly*
14316 Reese Blvd, B101
Huntersville, NC 28078
+1.704.906.3422
*No fax number available*